IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CARLLYNN NICHOLS,**

    **Plaintiff,**

                                                                                                              **Civil Action 2:22-cv-16**
                                                                                                              **Judge Sarah D. Morrison**
    v.                                                                                           **Magistrate Judge Elizabeth P. Deavers**

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.,**

    **Defendant.**

**OPINION AND ORDER**

    This matter is before the Court on Defendant's Motion to Stay Discovery (ECF No. 21), Plaintiff's Response (ECF No. 23), and Defendant's Reply (ECF No. 26).  For the following reasons, Defendant's Motion to Stay Discovery is **DENIED**.

**I.**

    Plaintiff Carllynn Nichols filed a Class Action Complaint on January 4, 2022, against Defendant State Farm Mutual Automobile Insurance.  (ECF No. 1.)  According to Plaintiff, Defendant "systematically applied" a "'typical negotiation'" deduction in valuing insureds' total loss vehicles even though such a deduction is not permitted under either Ohio law or Defendant's form auto insurance policies.  (*Id*.)  Plaintiff alleges that, as a result of this deduction, insurance payments were reduced.  (*Id.*)  Plaintiff proposes to represent a class of State Farm Ohio insureds asserting claims for breach of contract and unjust enrichment.  (*Id*.)   On March 14, 2022, Defendant filed a motion to dismiss and, in the alternative, requested that the Court compel an

1

appraisal and stay this action. (ECF No. 17.) Subsequently, Defendant filed the current motion to stay discovery. (ECF No. 21.)

In its motion, Defendant contends that a stay of discovery is necessary for two reasons. First, Defendant asserts that, because Plaintiff has not complied with the appraisal provision of the contract, she cannot establish injury, damages, or Article III standing. Further, Defendant contends that all remaining relevant factors weigh in favor of a discovery stay. The Court considers these arguments in turn.

## II.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936))). The Court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 254–55).

In deciding whether to grant a stay, courts commonly consider the following factors: (1) the stage of litigation; (2) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (3) whether a stay simplifies the issues; and (4) whether the burden of litigation on the parties and on the court is reduced. *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted). The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

In exercising its discretion, the Court has found that filing a case-dispositive motion is insufficient to grant a stay of discovery. *Bowens v. Columbus Metro. Library Bd. of Trs.*, No.

2:10-CV-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)) (denying the defendants' motion to stay discovery despite their pending summary judgment motion). Indeed, if a motion does not raise an issue "which would be substantially vitiated absent a stay" and there is no showing that the case will "certainly be dismissed" then "a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept 7, 2010).

      Nevertheless, the United States Court of Appeals for the Sixth Circuit has recognized that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). This Court, however, retains broad discretion in determining whether to "stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).

### III.

      Applying the above principles to this case, the Court concludes that Defendant has failed to demonstrate that a stay of discovery is justified. This case does not present a question of immunity nor is the Complaint obviously frivolous such that the Court could conclude that the motion to dismiss is likely to be granted. Rather, as noted, the essence of Defendant's argument is that discovery should be stayed because its motion to dismiss, at least in part, is addressed to the threshold jurisdictional issue of standing. That a motion to dismiss relies on a jurisdictional

issue does not necessarily weigh in favor of granting a stay. This is so even if the jurisdictional challenge is directed to the issue of standing. *See Boddie v. PNC Bank, NA,* No. 2:12-CV-158, 2013 WL 394523, at *2 (S.D. Ohio Jan. 31, 2013) (the court, in the exercise of its discretion, denied stay of discovery where standing issue turned on issues not easily resolved). Rather, where the issues raised in a potentially dispositive motion reasonably can be characterized as fairly debatable, the Court routinely has declined to grant a stay. *See e.g.*, *Ohio Bell Telephone*, 2008 WL 641252 at *2 (refusing to stay discovery during the pendency of a motion to dismiss where the jurisdictional issue raised was "fairly debatable"). Without expressing any opinion as to the merits of Defendant's dispositive motion, a brief overview of the parties' briefing reveals that to be the situation here.

Defendant likewise has not demonstrated that all other relevant factors weigh in favor of a stay. To be sure, Defendant contends that discovery in this putative state-wide class action will burden both it and the Court. But, this argument is directed to presumed discovery and relies on nothing more than speculation. (*See* ECF 21 at 7-8.) Moreover, the Federal Rules of Civil Procedure provide other options for addressing Defendant's concerns short of a complete stay. Also, the Court is not convinced, as Defendant suggests, that the particular status of this case as a putative statewide class action weighs in favor of a complete stay. Notably, other courts have declined to grant a complete stay of discovery in similar circumstances. *See, e.g., Udeen v. Subaru of Am., Inc.,* 378 F. Supp. 3d 330, 332 (D.N.J. 2019) (declining to enter a complete stay of discovery in putative nationwide class action but instead permitting limited discovery only on "core" issues); *Chapman v. McCabe Law Grp., P.A.*, No. 3:17-CV-193-J-25JBT, 2017 WL 2333710, at *1 (M.D. Fla. May 25, 2017) (denying stay of discovery in FDCPA putative class

4

action where discovery had been stayed temporarily pending ruling on motion to stay and defendant argued that motion for judgment on the pleadings hinged on a purely legal issue).

As for the remaining factors, Defendant does little to demonstrate that a stay of discovery will be of no consequence to Plaintiff. At most, Defendant attempts to minimize the nature of Plaintiff's alleged injury, characterizing Plaintiff merely as "suing for damages" for a "total-loss accident that occurred more than a year ago." (ECF No. 21, at 7.) Defendant also fails to explain with any specificity how a stay of discovery will simplify the issues presented in this case. At most, on the current record, Defendant has demonstrated only that this case is in its early stages. However, this lone factor, when weighed against the others, is not sufficient to support a stay of discovery.

## IV.

For the foregoing reasons, the Court finds that Defendant has not carried its burden to show that a stay of discovery is appropriate under the circumstances presented in this case. The Court, therefore, concludes that a temporary stay pending resolution of Defendant's Motion to Dismiss (ECF No. 17) is not warranted. The current stay is **LIFTED** and Defendant's Motion to Stay Discovery (ECF No. 21) is hereby **DENIED**.

**IT IS SO ORDERED.**

Date:  April 20, 2020  /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE