UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CARLLYNN NICHOLS,
*on behalf of herself and all
others similarly situated*,

    Plaintiff,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendant.

:

:

Case No. 2:22-cv-16
Judge Sarah D. Morrison
Magistrate Judge Elizabeth
Preston Deavers

## OPINION AND ORDER

Plaintiff Carllynn Nichols brought this class action against State Farm Mutual Automobile Insurance Company to recover for breach of contract or unjust enrichment based on State Farm's method of calculating the "actual cash value" of covered vehicles. According to Nichols, State Farm's calculation of "actual cash value" was divorced from market realities through its use of valuation companies that applied "typical negotiation deductions" or similar downward adjustments to the advertised prices of comparable vehicles. This matter is now before the Court on two motions. First, Nichols filed a Motion to Amend the Complaint to expand her class allegations to include two additional valuation companies used by State Farm, Mitchell International and CCC Information Services. (ECF No. 57.) Second, Nichols filed a Motion to Compel Discovery of (1) class data consistent with Ohio's

eight-year statute of limitations for contractual claims and (2) information and documents related to Mitchell-and CCC-valuations. (ECF No. 62.) State Farm opposes both motions, which are fully briefed and ripe for consideration.

## I. MOTION TO AMEND THE COMPLAINT

### A. Legal Standard

Under Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005). Denial for undue prejudice is appropriate where the opposing party demonstrates that the amendment would require them to

"expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute." *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

### B. Discussion

In her Complaint, Nichols alleges that State Farm violated its obligations to her and other similarly situated policyholders through its use of Audatex-valuations to calculate "actual cash value"; Audatex is the valuation company that State Farm used for Nichols's vehicle. (ECF No. 1, ¶¶ 35, 37.) In her amended complaint, Nichols seeks to expand her class-allegations to include State Farm's use of Mitchell- and CCC-valuations. (Proposed Am. Compl., ECF No. 57-2 ¶¶ 46, 48.) Nichols represents that she learned of State Farm's use of these other valuation companies for the first time in discovery. (Mot., ECF No. 57, PAGEID # 639.)

State Farm opposes Nichols's timely motion to amend on two grounds. First, State Farm argues that amendment would be futile because claims involving Mitchell and CCC would not survive a motion to dismiss. (Resp., ECF No. 60, PAGEID # 967.) Second, State Farm argues that the amendment would cause it undue prejudice. (*id.* at 970.)

#### 1. Granting leave to amend would not be futile.

***Failure to State a Claim***. State Farm's first futility argument is that because Nichols's valuation was prepared by Audatex, she has failed to state a claim for breach of contract or unjust enrichment based on Mitchell- or CCC-valuations. (Resp., ECF No. 60, PAGEID # 967.) This argument misses the mark.

Nichols's claims are based on State Farm's failure to pay "actual cash value" for covered vehicles. (Compl., ECF No. 1, ¶¶ 39, 42, 48; Proposed Am. Compl., ECF No. 57-2, ¶¶ 50, 53, 59.) She alleges that State Farm failed to properly compensate her and those similarly situated through its application of downward adjustments to advertised prices of comparable vehicles when calculating coverage for total loss vehicles. (Compl., at ¶ 39; Proposed Am. Compl, at ¶ 50.) Her proposed amendment does not change the character or kind of claims she has brought; she complains about State Farm's conduct regardless of which third-party contactor it used. Thus, her allegations are sufficient to state a claim for breach of contract and unjust enrichment. (*See* Opinion & Order denying Motion to Dismiss, ECF No. 40.)

*Article III Standing.* State Farm next argues that Nichols lacks standing to add class allegations about Mitchell- or CCC-valuations because her injuries are not fairly traceable to State Farm's use of those companies. (Resp., ECF No. 60, PAGEID # 968.) In the first instance, it is not the identity of the valuator that matters, it is State Farm's use of alleged artificially reduced valuations. Moreover, this argument confuses Article III standing with the requirements of Rule 23. *Gooch v. Life Invs. Ins. Co. of Am.*, 672 F.3d 402, 422 (6th Cir. 2012).

> Once [a plaintiff's individual] standing has been established, whether a plaintiff will be able to represent the putative class, including absent class members, depends solely on whether he is able to meet the additional criteria encompassed in Rule 23 of the Federal Rules of Civil Procedure." *Fallick v. Nationwide Mut. Ins. Co.,* 162 F.3d 410, 423 (6th Cir.1998); *see also* Newberg on Class Actions, *supra,* § 1:2 ("[T]he Supreme Court requires that a class representative must have individual standing to establish a case or controversy with defendants,

4

>and then the plaintiff can represent a class under procedural Rule 23 if the plaintiff can show that his or her individual claims raise issues that are common to a class, and thus the plaintiff's claims are typical of the class.").

*Id.* (alterations in original); "[O]nce an individual has alleged a distinct and palpable injury to [her]self, [s]he has standing to challenge a practice even if the injury is of a sort shared by a large class of possible litigants." *Fallick*, 162 F.3d at 423 (quoting *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 517 (6th Cir. 1976)). Nichols has Article III standing to bring claims against State Farm based on its alleged failure to pay her "actual cash value" for her covered vehicle. (Opinion & Order denying Motion to Dismiss, ECF No. 40.) As such, Nichols also has Article III standing to seek relief for the same injury that State Farm caused to others similarly situated. !

***Time-barred***. As for whether certain claims would be futile based on the applicable limitations period, State Farm represents that it stopped using Mitchell to perform valuations in 2016. (Resp., ECF No. 60, PAGEID # 970.) If true, it follows that all claims involving Mitchell-valuations would be barred by the one-year limitation provision in State Farm's Auto Policy. *See infra* Sect.II.B.1 (holding that the one-year limitations provision applies to claims brought on behalf of unnamed class members). However, the amended complaint does not address when Mitchell performed valuations for State Farm. (*See* ECF No. 57-2, ¶ 37 ("State Farm previously obtained total loss valuation reports from Mitchell.").) As such, it is not clear from the face of the

5

proposed amended complaint that all claims involving Mitchell-valuations would be time-barred. *See Father Flanagan's Boys Home v. Donlon*, 449 F. Supp. 3d 739, 743 (S.D. Ohio 2020) (Black, J.) ("A motion to dismiss based on the statute of limitations, can be granted only where the defense appears valid from the face of the Complaint alone.") (citations and quotations omitted).

Accordingly, State Farm has not demonstrated that the proposed amendment would futile.

### 2. Granting leave to amend would not unduly prejudice State Farm.

State Farm argues that, contrary to Nichols's factual allegations, Audatex, CCC, and Mitchell use different valuation methods, so addressing all three methods in one suit would make the case "unwieldly and inefficient." (ECF No. 60, PAGEID # 971.) But State Farm does not address whether, or how, allowing Nichols to add allegations about Mitchell- and CCC-valuations would require it to "expend significant additional resources to conduct discovery and prepare for trial" or that it would "significantly delay resolution of th[is] dispute." *Phelps*, at 662. Absent these effects, State Farm's argument is not about prejudice, but is actually about whether a class action is the superior mechanism for resolving the claims against it. And determining whether Nichols's proposed class would be manageable is a fact-bound inquiry that is inappropriate for resolution at this stage. *Cf. Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) (courts may strike class

allegations prior to discovery only where it involves "a largely legal determination, and no proffered or potential factual development offers any hope of altering that conclusion."). State Farm's argument is better addressed at the class-certification stage. !

State Farm also argues that it would be prejudiced if the Court allowed the amendment without also requiring Nichols to add named plaintiffs whose valuations were performed by Mitchell or CCC because State Farm would be prevented from raising certain "individualized" defenses involving those companies. (ECF No. 60, PAGEID # 970.) To the extent this argument is based on the one-year limitations provision, it is mooted by the denial of Nichols's motion to compel discovery beyond one-year. *See infra* Sect.II.B.1. In addition, whether the claims and defenses relevant to Nichols are sufficiently representative of the putative class is an issue better suited for determination at the class-certification stage.

As such, State Farm has not demonstrated that it would be unduly prejudiced by the amendment.

### C. Conclusion on Motion to Amend

Because State Farm has not demonstrated that allowing Nichols to amend her complaint to include information that she learned for the first time in discovery would be futile or unduly prejudicial, Nichols's motion for leave to amend is **GRANTED**.

## II. MOTION TO COMPEL DISCOVERY

### A. Legal Standard

"District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Sol., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citation omitted). "'It is well established that the scope of discovery is within the sound discretion of the trial court.'" *Id.* (quoting *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993)). The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). While a plaintiff should "not be denied access to information necessary to establish her claim," she also should not be "permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016) (citation omitted).

"Relevance is construed very broadly for discovery purposes," but it is not unlimited. *Doe v. Ohio State Univ.*, No. 2:16-CV-171, 2018 WL 1373868, at *2 (S.D. Ohio Mar. 19, 2018) (citing *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)); *see also Averett v. Honda of Am. Mfg., Inc.*, No. 2:07-cv-1167, 2009 WL 799638, at *2 (S.D. Ohio March 24, 2009). Indeed, "[t]o satisfy the discoverability standard, the information sought must have more than minimal relevance to the claims or defenses;" information that is "negligibly relevant [or] minimally important in resolving the issues" will not satisfy the discoverability standard. *Doe*,

2018 WL 1373868 at *2 (citations omitted). "'Thus, is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken, or to events that occurred before an applicable limitations period, unless the information sought is otherwise relevant to issues in the case.'" *Lewis*, 135 F.3d at 402 (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351–52 (1978)).

After making a good faith effort to resolve a discovery dispute, a party may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(1). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enter., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted); *Berryman v. Supervalu Holdings, Inc.*, No. 3:05-cv-169, 2008 WL 4934007, at *9 (S.D. Ohio Nov. 18, 2008) ("At least when the relevance of a discovery request has been challenged the burden is on the requester to show the relevance of the requested information." (internal citation omitted)). If the movant makes this showing, then the burden shifts to the objecting party to demonstrate that the requested discovery would be disproportionate to the needs of the case. *Bros. Trading Co. v. Goodman Factors*, No. 1:14-CV-975, 2016 WL 9781140, at *2 (S.D. Ohio Mar. 2, 2016) ("Rule 26(b)(1) does not place the burden of addressing proportionality considerations on the requesting party; nor does it permit the opposing party to avoid responding simply by making a boilerplate objection on grounds of proportionality.") (quoting Fed. R. Civ. P 26, Advisory Committee Notes to the 2015 Amendment).

### B. Discussion

#### 1. The one-year limitations provision applies to claims brought on behalf of putative class members.

Nichols seeks discovery of class data for State Farm policyholders who received physical damage coverage for accidents or losses that occurred prior to January 4, 2021, which is one year before she filed suit against State Farm. State Farm argues that Nichols cannot demonstrate that this data is relevant to any viable claim because any such claims are barred by the one-year limitations provision in the State Farm Auto Policy. (ECF No. 62, PAGEID # 1009.)

The one-year limitations provision in the State Farm Auto Policy states that:

> [L]egal action may only be brought against **us** [*i.e.* State Farm] regarding:
> 
> \* \* \*
> 
> e. Physical Damage Coverages if the legal action relating to these coverages is brought against **us** within one year immediately following the date of the accident or **loss**.

(ECF No. 1-1, p. 33, ¶ 14 (emphasis in original).) According to Nichols, because unnamed class members do not "bring" legal actions, their claims are not barred by the limitations provision. (ECF No. 59, PAGEID # 897.)

Nichols is correct that unnamed class members do not "bring" legal actions; instead, they join legal actions already brought. *See Bring an action*, BLACK'S LAW DICTIONARY (11th ed. 2019) (To bring a legal action is "to sue" or "institute legal proceedings."). Nevertheless, the limitations provision in the State Farm Auto Policy is drafted broadly to include legal actions "brought <u>against</u>" State Farm. (*Id.*

10

(emphasis added).) This means that, regardless of who filed the action, a suit brought against State Farm for physical damage coverage under the State Farm Auto Policy must be brought within a year of the relevant physical damage. Thus, under the terms of that policy, Nichols's suit cannot include claims arising out of physical damage that occurred more than a year before it was filed.

That Nichols cannot revive time-barred claims against State Farm by bringing a putative class action is reinforced by the general rule that "members of the asserted class are treated for limitations purposes as having instituted their own action." *In re WorldCom Sec. Litig.*, 496 F.3d 245, 255 (2d Cir. 2007) (citing *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 551, 94 S. Ct. 756, 765 (1974)).

As such, the one-year limitation provision bars claims arising out of physical damage that occurred before January 4, 2021.

In attempt to avoid the application of the one-year limitations provision to limit her discovery, Nichols argues that it is unenforceable, tolled by the discovery rule, and/or waived by State Farm. Each argument fails.

        **a.**    **The one-year limitations provision is reasonable.**

Nichols first argues that the one-year limitations provision is unenforceable because it is "unreasonably brief." (ECF No. 59, PAGEID # 905.) But Ohio courts routinely find that one-year limitation provisions are reasonable. *See Hounshell v. Am. States Ins. Co.*, 67 Ohio St. 2d 427, 429–30, 424 N.E.2d 311, 312 (1981) (citing *Appel v. Cooper Ins. Co.,* 76 Ohio St. 52, 80 N.E. 955 (1907)).

To avoid this conclusion, Nichols identifies a single outlier, *Kraly v. Vannewkirk,* 69 Ohio St. 3d 627, 635 N.E.2d 323 (1994), and argues that its reasoning is applicable to her case. In *Kraly*, a policyholder was permitted to proceed on her untimely claim for uninsured-motorist benefits where the at-fault driver's insurance company became insolvent shortly before the two-year contractual limitations period expired leaving her with an "unreasonably brief" period to timely file her claim. *Id.* at 634, 635 N.E.2d at 328. Those facts are readily distinguishable from the factual allegations in this case. And the Ohio Supreme Court has consistently declined to apply *Kraly* beyond its unique factual situation. *Barbee v. Nationwide Mut. Ins. Co.*, 2011-Ohio-4914, 130 Ohio St. 3d 96 (collecting cases). So, the Court will not apply it here.

Accordingly, the one-year limitations provision is reasonable.

### b.     The discovery rule does not apply.

Nichols next argues that the discovery rule applies and, therefore, the limitations period only began to run once policyholders discovered State Farm's "hidden deduction." (ECF No. 59, PAGEID # 903–04.) However, "no Ohio court has ever applied the discovery rule to a claim for a breach of contract." *Schmitz v. Natl. Collegiate Athletic Assn.*, 2016-Ohio-8041, ¶ 16, 67 N.E.3d 852, 859, *aff'd sub nom. Schmitz v. Nat'l Collegiate Athletic Ass'n*, 2018-Ohio-4391, ¶ 16, 155 Ohio St. 3d 389, 122 N.E.3d 80 (*citing Cristino v. Bur. of Workers' Comp.*, 2012-Ohio-4420, 977 N.E.2d 742, ¶ 41 (10th Dist.)). Thus, the discovery rule does not apply to Nichols's claims.

### c. The factual allegations do not support waiver.

Nichols final argument is that State Farm waived the one-year limitations provision by "willfully preventing its policyholders from discovering the typical negotiations deduction," which caused potential class members to delay filing their suits. (ECF No. 59, PAGEID # 901.) State Farm responds that this argument is another attempt to apply the discovery rule to her case, albeit by another name. (ECF No. 62, PAGEID # 1008.) The Court agrees with State Farm; Ohio's waiver rule applies in limited circumstances that are not alleged here.

In Ohio, "[a]n insurance company may be held to have waived a limitation of action clause. . . by acts or declarations which evidence a recognition of liability, or acts or declarations which hold out a reasonable hope of adjustment and which acts or declarations occasion the delay by the insured in filing an action on the insurance contract until after the period of limitation has expired." *Hounshell*, at syl. Thus, Ohio's waiver rule applies to an insurer's acts or representations that would lead the insured to believe that the insurer is willing to resolve the dispute out of court or beyond the limitations period. *See id.; see also Arp v. Am. Fam. Ins. Co.*, 2010-Ohio-2250, ¶ 32, 187 Ohio App. 3d 561, 568, *cause dismissed*, 2010-Ohio-3860, ¶ 32, 126 Ohio St. 3d 1536 (explaining that insurance companies may waive contractual limitations periods "by not officially denying the claim or by leading the insured to believe that the claim was still viable after the contractual limitations period had expired."); *Broadview Sav. & Loan Co. v. Buckeye Union Ins. Co.*, 70 Ohio St. 2d 47, 52, 434 N.E.2d 1092, 1095 (1982) ("[W]here no settlement offers were made or any

13

assurances made with respect to the likelihood of future settlement offers, there is no basis for an estoppel of the insurance company's right to enforce the suit limitation provision."). Nichols does not identify any Ohio caselaw that applies waiver outside of those limited circumstances.

Accordingly, Nichols's motion to compel discovery of class data beyond the one-year limitations period is **DENIED**.

### 2. Mitchell- and CCC-valuations are relevant to Nichols's amended class allegations.

State Farm does not dispute that discovery of information and documents related to Mitchell- and CCC-valuations would be relevant and proportionate to the needs of the case if Nichols's motion to amend the complaint is granted. (ECF No. 62, PAGEID # 1013.) As such, Nichols's motion to compel discovery is **GRANTED** as to information and documents related Mitchell- and CCC-valuations to the extent that discovery conforms with the one-year limitations period.

### III. CONCLUSION

For the reasons set forth above, the Motion for Leave to Amend the Complaint (ECF No. 57) is **GRANTED** and the Motion to Compel Discovery (ECF No. 62) is **GRANTED** as to Mitchell- and CCC-valuations and **DENIED** as to class data exceeding the one-year limitations provision in the State Farm Auto Policy.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**